UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARILYN R. HUNT,

      Plaintiff,

v.     CASE NO. 3:21-cv-1229-HES-MCR

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY and QUINTAIROS,
PRIETO, WOOD & BOYER, P.A.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on James Lightfoot's Motion to Intervene ("Motion") (Doc. 15) and Defendant State Farm's Memorandum of Law in Opposition thereto ("Opposition") (Doc. 18). For the reasons stated herein, the undersigned **RECOMMENDS** that the Motion be **DENIED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

I. **Introduction**

The present lawsuit is a common-law insurance bad-faith action brought by Marilyn Hunt ("Hunt") against State Farm Mutual Automobile Insurance Company ("State Farm"),[2] which was originally filed in state court in January 2021 and removed to this Court in December 2021 based on diversity jurisdiction. (*See* Docs. 1, 1-1, 4.) This action arises from a prior personal injury lawsuit brought by proposed intervenor James Lightfoot ("Lightfoot") against Hunt as a result of an automobile accident in which Hunt struck Lightfoot's vehicle in February 2011. (*See* Doc. 4.) As a result of the accident, Lightfoot suffered bodily injuries, the extent of which was disputed. (Docs. 4, 6.)

In 2011, Hunt's insurer, State Farm, did not accept Lightfoot's multiple offers to settle his claim for the applicable $50,000 policy limit, and, instead, offered to settle it for $15,000, which Lightfoot rejected. (Doc. 4; Doc. 6; Doc. 18 at 3.) In 2012, Lightfoot filed a lawsuit in state court against Hunt. (Doc. 4; Doc. 6; Doc. 18 at 4.) In October 2012, after learning of Lightfoot's upcoming surgery, State Farm offered to settle the claim for the policy limits, which Lightfoot rejected. (*Id.*) In 2019, following a jury trial, a final

---

[2] Hunt also sued her former trial counsel, Quintairos, Prieto, Wood & Boyer, P.A., for legal malpractice, but settled that claim in December 2021. (*See* Doc. 1 at 3; Doc. 15 at 2; Doc. 18 at 5.)

judgment was entered in favor of Lightfoot and against Hunt for $11,502,337.16, which was affirmed on appeal, but the separate judgment for attorneys' fees in favor of Lightfoot was reversed in May 2022. (Doc. 1; Doc. 1-1; Doc. 4; Doc. 18 at 4.)

On May 11, 2022, Lightfoot filed the present Motion, seeking leave to intervene in this action as an additional Plaintiff pursuant to Fed.R.Civ.P. 24(a) and (b), claiming that he "has a vital interest in the subject matter of this proceeding and is so situated that the disposition of this action may impair and impede his ability to protect his interests." (Doc. 15 at 1.) Lightfoot's proposed complaint, which is attached to his Motion, includes one count of bad faith against State Farm. (*See* Doc. 15-1.) Like Hunt's Amended Complaint, Lightfoot's proposed complaint alleges that State Farm owed duties of good faith to Hunt and failed to timely settle Lightfoot's claim for the policy limits despite multiple opportunities to do so. (Doc. 4; Doc. 15-1.)

Hunt does not oppose the request for intervention, but State Farm takes a contrary position. (*See* Doc. 15 at 4-5, 9.) State Farm argues that both intervention as of right and permissive intervention are not warranted here because Lightfoot has entered into a stipulation with Hunt for Hunt and her counsel to represent Lightfoot's interest in the present lawsuit. (*See* Doc. 18.) Pursuant to the stipulation, which is attached to State Farm's Opposition, the parties agreed, in relevant part, that: (1) Hunt would file and

diligently prosecute claims against State Farm for bad faith, negligence, or breach of any fiduciary duties owed in connection with the handling of Lightfoot's claim against Hunt; (2) Hunt's counsel would report the status of such claims directly to Lightfoot's counsel; Lightfoot would have the right to approve, disapprove, or require acceptance of any proposed settlement between Hunt and any other party; Hunt assigned the net proceeds of any such claims, after payment of attorneys' fees, costs, and expenses, directly to Lightfoot; and (3) Lightfoot would stay enforcement of the two final judgments against Hunt and would not seek execution thereof for the longer of five years or until the final conclusion of the prosecution of any of the referenced claims brought by Hunt.  (Doc. 18-1.)

## II.  Standard

Rule 24 of the Federal Rules of Civil Procedure provides, in relevant part:

> **(a) Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:
> > (1) is given an unconditional right to intervene by a federal statute; or
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b) Permissive Intervention.**
> > **(1) In General.**  On timely motion, the court may permit anyone to intervene who:

>> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> . . .
>
> **(3) Delay or Prejudice.** In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed.R.Civ.P. 24.

The Eleventh Circuit has interpreted Rule 24(a)(2), Fed.R.Civ.P., to require a party seeking intervention as of right to demonstrate that:

> (1) his application to intervene is timely;
> (2) he has an interest relating to the property or transaction which is the subject of the action;
> (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and
> (4) his interest is represented inadequately by the existing parties to the suit.

*Stone v. First Union Corp.*, 371 F.3d 1305, 1308-09 (11th Cir. 2004) (quoting *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 593 (11th Cir. 1991)). When each of these four requirements are met, intervention must be granted. *See Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996) ("Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion.").

In contrast, a party seeking permissive intervention under Rule 24(b), Fed.R.Civ.P., must show:

> (1) his application to intervene is timely; and
> (2) his claim or defense and the main action have a question of law or fact in common.
>
> The district court has the discretion to deny intervention even if both of those requirements are met, and its decision is reviewed for an abuse of discretion.

*Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

### III. Discussion

The undersigned agrees with State Farm that Lightfoot's Motion should be denied. With respect to intervention as of right under Rule 24(a)(2), Fed.R.Civ.P., in light of the above-referenced stipulation between Lightfoot and Hunt, Lightfoot cannot establish the third and fourth prongs of the four-part test set forth in *Stone*.[3] Specifically, Lightfoot has not shown that disposition of this action may impede or impair his ability to protect his interest in the state court judgments entered in his favor. As State Farm aptly explains:

> If Hunt prevails in this suit, Lightfoot will collect his judgment amount through Hunt's recovery from State Farm as required under the Stipulation. If Hunt does not prevail, as Lightfoot stated in [his Motion], any bad faith claim by Lightfoot will be barred by res judicata (or collateral estoppel) because the issue of whether State Farm engaged in bad faith will have been conclusively determined. . . . In this way, the interests of Hunt and Lightfoot are fully congruent and the disposition of Hunt's suit would not impair or impede Lightfoot's recovery. Instead, if Hunt recovers, her recovery becomes Lightfoot's recovery pursuant to Hunt and Lightfoot's explicit Stipulation.

---

[3] State Farm does not dispute that the first and second prongs have been met.

6

(Doc. 18 at 11-12.)

Further, Lightfoot has not shown that his interest is represented inadequately by Hunt and her counsel. In the Eleventh Circuit:

> There is a presumption of adequate representation where an existing party seeks the same objectives as the interveners. *Clark v. Putnam County*, 168 F.3d 458, 461 (11th Cir.1999). This presumption is weak and can be overcome if the plaintiffs present some evidence to the contrary. *Id.* If the interveners overcome this presumption, the court "returns to the general rule that adequate representation exists '[1] if no collusion is shown between the representative and an opposing party, [2] if the representative does not have or represent an interest adverse to the proposed intervener, and [3] if the representative does not fail in fulfillment of his duty.' " *Id.* Interveners need only show that the current plaintiff's representation "may be inadequate," however, and the burden for making such a showing is "minimal." *Id.*

*Stone*, 371 F.3d at 1311. In the present case:

> Hunt has the same objective as Lightfoot: to obtain a judgment or recovery against State Farm to satisfy Lightfoot's judgments against Hunt. Lightfoot and Hunt have made their same interest explicit and Hunt has already assigned all proceeds of this suit to Lightfoot. Thus, there is a presumption in this case that Hunt adequately represents the interest of the Proposed Intervenor Lightfoot. In addition to this fundamental and stipulated alignment of interests and objectives of Hunt and Lightfoot, counsel for Hunt are experienced lawyers in Florida dedicated to pursuing plaintiffs' insurance bad faith claims. Lightfoot agreed to have Hunt and her specific counsel represent Lightfoot's interest. . . . [Further,] Lightfoot's [M]otion provides no evidence demonstrating Hunt and her counsel do not adequately represent Lightfoot's interest. . . . [Additionally,] Proposed Intervenor Lightfoot does not attempt to argue adequate representation does not exist here because there is collusion between Hunt and State Farm, or Hunt and her counsel have an interest adverse to

7

> Lightfoot related to the success of the litigation, or Hunt and her skilled counsel are failing in the fulfillment of their duties in prosecuting the litigation.

(Doc. 18 at 12-14.)

Even accepting Lightfoot's representation that Hunt's "financial interest in this case is not as strong as Lightfoot's" and that despite their "similar interests in pursuing a bad faith action against State Farm," Lightfoot and Hunt's approaches to litigation may differ (Doc. 15 at 7), that would be insufficient to show that Lightfoot's interest is represented inadequately by Hunt and her counsel. Based on the foregoing, the undersigned agrees with State Farm that intervention as of right is improper here due to Lightfoot's failure to meet the four-prong test set forth in *Stone*.

Furthermore, the Court should exercise its discretion to deny Lightfoot's request for permissive intervention under Rule 24(b)(1)(B), Fed.R.Civ.P. It is undisputed that Lightfoot's Motion is timely and his claim has factual and legal questions in common with Hunt's claim. (Doc. 18 at 15.) However, as State Farm explains, "intervention in this case is not needed to protect Lightfoot's interest as compared to having Hunt and her counsel prosecute the suit as provided in Hunt and Lightfoot's Stipulation" and it "would create duplication and injustice." (*Id.*) Specifically:

> Two plaintiffs and two sets of plaintiffs' counsel will have a duplicative and unfair effect on the litigation which would seriously prejudice State Farm from receiving fair due process.

8

> This is especially true given that Lightfoot's claim only exists as a derivative of Hunt's claim and Hunt is bound by voluntary contract with Lightfoot to pursue Lightfoot's interest in this suit. In practice, Hunt and Lightfoot and their teams of counsel would each seek an opening and closing, two direct examinations or cross examinations of each witness, two sets of experts, and two arguments for every evidentiary and legal issue, all involving the exact same claim with the same facts, witnesses, and legal issues and the same ultimate objective. This double-teaming effect would be time-consuming and expensive and would be unjust for State Farm and uneconomical for the parties and this Court.

(*Id.* at 17-18.)

The undersigned agrees with State Farm that allowing permissive intervention in this case is unnecessary and would create duplication, inefficiency, and delay for the parties and the Court. *See Chiles*, 865 F.2d at 1215 (finding the district court did not abuse its discretion in denying permissive intervention where "[t]he duplicative nature of the claims and interests . . . threaten[ed] to unduly delay the adjudication of the rights of the parties in the lawsuit and [made] it unlikely that any new light [would] be shed on the issues to be adjudicated").

Accordingly, it is **RECOMMENDED** that the Motion (**Doc. 15**) be **DENIED**.

9

**DONE AND ENTERED** at Jacksonville, Florida, on October 5, 2022.

                        MONTE C. RICHARDSON
                UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Harvey E. Schlesinger
Senior United States District Judge

Counsel of Record